IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEREMY M. GREGORY                                                          PLAINTIFF

VS.                           CASE NO. 3:10CV00260 HDY

MICHAEL J. ASTRUE, Commissioner,
    Social Security Administration                               DEFENDANT

ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income (SSI). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). The plaintiff filed for benefits in 2007 when he was under the age of 18, and attained the age of 18 prior to the decision by the Administrative Law Judge. As a result, this complaint raises both the issue of childhood disability and adult disability.

This Court's review function is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." *Id*. The Court may not reverse merely because evidence would have supported a contrary outcome. *See id*.

The only disputed issue in this case is whether plaintiff is disabled within the meaning of the

Social Security Act. For the time during which the plaintiff was under the age of 18, the administrative law judge (ALJ) uses a sequential evaluation process, beginning with the first step of determining whether the child has engaged in substantial gainful activity. The second step involves a determination of whether the child's impairments or combination of impairments is severe. The next step requires the ALJ to determine if the child has impairments that meet, medically equal, or functionally equal the severity of a listed impairment. If not, then disability is denied. 20 C.F.R. § 416.924(a)-(d).

For the period of time in which the plaintiff was over the age of 18, the ALJ utilized a different five-step sequential evaluation process.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.*, § 404.1520©); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step three involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.*, § 404.1520(e). If so, benefits are denied; if not, the evaluation continues.

Step five involves a determination of whether the claimant is able to perform other

substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded. Plaintiff bears the burden of establishing a physical or mental impairment that will result in death, or that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A) and (B).

Plaintiff protectively filed for SSI on October 4, 2007. His application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ).

Plaintiff was 18 years old at the time of the hearing, which was conducted on November 19, 2009. (Tr. 27-59). The plaintiff, who has an eleventh grade education and is pursuing a GED, testified at the hearing. In addition, the plaintiff's step grandmother and a vocational expert testified. The plaintiff has no past relevant work. On January 6, 2010, the ALJ found the plaintiff was not disabled as defined in the Social Security Act. (Tr. 12-25). The ALJ divided his opinion into two sections, finding the plaintiff was not disabled under the childhood standard of disability, then finding the plaintiff was not disabled under the adult standard of disability. The ALJ specifically found that, before the age of 18, the medical evidence established the plaintiff had the severe impairments of nephritic syndrome and learning disorder. The ALJ found the plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A or B. The ALJ also found the plaintiff did not have an impairment or combination of impairments that functionally equaled the listing before the plaintiff was 18. The ALJ found the plaintiff, before he was 18, had less than marked limitation in acquiring and using information, had no limitation in attending and completing tasks, had no limitation in interacting and relating with others, had no limitation in moving about

and manipulating objects, had no limitation in the ability to care for himself, and had less than marked limitation in health and physical well-being. The ALJ concluded plaintiff was not disabled prior to attaining age 18. The ALJ found the plaintiff, since turning the age of 18, has not developed any new impairment or impairments, and continues to have a severe impairment or impairments, though not to the degree that they meet or medically equal a listed impairment. The ALJ determined the plaintiff has the residual functional capacity (RFC) to perform light work, except that he experiences once a year flare-ups of kidney disease with edema, nausea, and fatigue. The ALJ also found the following limitations: plaintiff can only occasionally climb, stoop, crouch, kneel, or crawl, and cannot be exposed to unprotected heights, moving machinery and temperature extremes. The ALJ also found the plaintiff limited to simple unskilled or semi-skilled work, with concrete instructions. Relying upon the testimony of the vocational expert, the ALJ found the plaintiff capable of performing work in the national economy. As a result, the ALJ found the plaintiff was not disabled. The Appeals Council, on August 21, 2010, denied plaintiff's request for review (Tr. 1-4), and plaintiff subsequently filed suit with this Court.

In support of his request for reversal, plaintiff asserts that the ALJ's erred in failing to find the plaintiff's impairments met the listings of 112.05C and 12.05C., and that the ALJ erred in finding there were jobs in the national economy which the plaintiff could perform. *Plaintiff's brief at 4-7*.

The plaintiff's claim is that he met a listing (112.05C) for children and also met a listing (12.05) for adults. Both listings are met, according to the plaintiff, when the plaintiff has a valid verbal, performance, or full scale I.Q. of 60-70 and a physical or other mental impairment imposing additional and significant work-related limitation of function. The plaintiff cites tests performed on the plaintiff as evidence that his I.Q. falls within the 60-70 range. The tests performed were the

Peabody Individual Achievement Test-Revised (PIAT-R), performed in 2006, and the Wechsler Individual Achievement Test-Second Edition (WIAT-II), performed in 2004. The plaintiff urges that his Written Expression score of 62 on the PIAT-R, his Reading Comprehension score of 57 on the WIAT-II, and his Numerical Operations score of 57 on the WIAT-II meet the I.Q. score requirements contained in the two listings. We disagree. The Eighth Circuit Court of Appeals guides us on the requirements:

> Thus, to meet listing 112.05D, the claimant must have: (1) significant subaverage general intellectual functioning with deficits in adaptive functioning; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant limitation of function. *See Maresh v. Barnhart,* 438 F.3d 897, 898 (8th Cir.2006) (holding that the requirements in the introductory paragraph are mandatory). The claimant, however, does not have to be formally diagnosed with mental retardation to meet the Regulation's definition of mental retardation. *Id.* at 899.

*Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008). In this instance, the ALJ thoroughly examined the plaintiff's adaptive functioning skills, and found plaintiff to have no limitations in four areas of functioning, and less than marked limitations in two areas of functioning. As a result, the plaintiff did not satisfy the first prong of the listing, as set forth in *Scott ex rel. Scott v. Astrue*, *supra*. In addition, the test results relied upon by the plaintiff are not I.Q. test scores, as required by the listing. The tests cited by the plaintiff are achievement tests, designed to measure academic achievement relative to same age peers. *See Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 820, fn. 1-3 (8th Cir. 2008) (noting the difference in achievement and I.Q. tests, and noting that there is both a Wechsler I.Q. and a Wechsler Achievement test). The plaintiff, therefore, does not satisfy the second prong of the listing. In summary, the plaintiff falls far short of establishing that he met either of the listings. Substantial evidence supports the

ALJ's finding in this regard.

The plaintiff also argues that the ALJ erred in determining that jobs exist in the national economy that the plaintiff has been able to perform since attaining the age of 18.  The plaintiff faults the ALJ for formulating hypothetical questions which did not take into account the plaintiff's absence from work during kidney disease flare-ups.  The ALJ posed three hypothetical questions to the vocational expert.  Before posing the first question, the ALJ stated, "There's some real issue as to credibility in terms of the, how this flare up affects the individual, though, and how long it affects the individual and I'll consider the medical history I have before me along with the testimony in which I credit or discredit."  (Tr. 61).  The ALJ then asked the first hypothetical question, including limitations for edema, nausea, and fatigue, and asking the vocational expert to assume the plaintiff could perform light work with simple, unskilled or semi-skilled activities and concrete instructions.  The vocational expert found jobs, such as garment bagger and assembler small products, were available in the national economy.  (Tr. 62).  The second hypothetical question changed the level of work from light to sedentary, but otherwise did not change the limitations.  The vocational expert testified that such an individual could perform jobs, such as table worker and check weigher, that were available in the national economy.  (Tr. 63).  The third hypothetical question included an assumption that the individual had a condition that would make him unreliable for an eight hour day or a 40 hour work week on a regular basis.  The vocational expert stated there were no jobs available for such an individual. (Tr. 63).

As suggested by the ALJ's comments, the hypothetical questions were influenced by the ALJ's credibility assessment of the plaintiff and his step grandmother.  If the ALJ's correctly

discounted their testimony, then it follows that the hypothetical questions were proper. We find substantial evidence supports the credibility assessments of the ALJ. At the hearing, the testimony as to the effects and duration of the kidney flare ups was inconsistent. The plaintiff testified that he experienced kidney flare ups "off and on after months or so." He also described the flare ups as happening "often." (Tr. 40). When asked to clarify, the plaintiff indicated he experienced monthly flare ups. He testified that every flare up required him to visit his physician. (Tr. 42). He also stated that each flare up lasted a "couple months." (Tr. 43). The plaintiff's step grandmother testified that plaintiff had experienced two flare ups during 2009. One of these flare ups lasted a month, and she testified that a typical flare up could be resolved in six weeks. (Tr. 53-55). She also stated that he could function normally when not dealing with a flare up. (Tr. 57). The ALJ discounted the testimony of the witnesses, in part because the medical records conflicted with the testimony. For example, when the plaintiff experienced a flare up in April of 2009 the doctor noted that the last relapse before this one occurred in July of 2006. (Tr. 301). In addition, the medical records did not show the flare ups to last six weeks. (Tr. 300). We find substantial evidence to support the ALJ's credibility assessments. As a result, we find no error in the hypothetical questions posed to the vocational expert, or in the responses supplied to these questions. There is no merit to the plaintiff's second claim for relief.

      In summary, we find no merit to the arguments of the plaintiff, and find substantial evidence supports the Commissioner's decision.

      IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this   16   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE